UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHRYN CSERNA,<br><br>    Plaintiff,<br><br>v.<br><br>CENTENNIAL RECREATION CENTER,<br><br>    Defendant. | Case No. 5:14-cv-00237-PSG<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION WITH REPORT AND RECOMMENDATION THAT CASE BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(Re: Docket Nos. 1 and 2)** |

Before the court is Plaintiff Kathryn Cserna's application to proceed in forma pauperis and motion to remove her case to federal court.[1] The civil cover sheet indicates that Plaintiff bases subject matter jurisdiction on her suggestion that the U.S. Government is the plaintiff in this case.[2] The docket reflects this is not so. Moreover, a review of the pleadings filed by Cserna in this case provides no alternative basis for subject matter jurisdiction.[3] "In order for this court to have subject matter jurisdiction over" the "cause of action, Plaintiff would have to either: 1) also allege a federal cause of action; or 2) show diversity of citizenship between" her and Defendant Centennial

---

[1] *See* Docket No. 2.

[2] *See* Docket No. 1-1 at 1.

[3] *See* Docket No. 1.

1
Case No. 5:14-cv-00237-PSG
ORDER DENYING IN FORMA PAUPERIS APPLICATION WITH REPORT AND
RECOMMENDATION THAT CASE BE DISMISSED FOR LACK OF SUBJECT MATTER
JURISDICTION

Recreation Center.[4] Cserna does neither. The court therefore ORDERS that the case be reassigned to a district judge with the recommendation that the case be DISMISSED for lack of subject matter jurisdiction.[5]

**IT IS SO ORDERED.**

Dated: January 29, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[4] *Lowery v. City of Santa Clara*, Case No. 5:09-cv-00229-PVT, 2009 WL 975455, at *3 (N.D. Cal. Apr. 10, 2009) (*quoting Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681-685 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a)." (internal citation omitted))).

[5] The undersigned is ordering reassignment to a district judge and issuing a report and recommendation because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See* 28 U.S.C. § 636 (authorizing magistrate judges to submit "findings of fact and recommendations" to the district judge); *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988) (noting "a magistrate can prepare a report and recommendation which, after allowing opportunity for objections, a district judge can review" and adopt).

2
Case No. 5:14-cv-00237-PSG
ORDER DENYING IN FORMA PAUPERIS APPLICATION WITH REPORT AND
RECOMMENDATION THAT CASE BE DISMISSED FOR LACK OF SUBJECT MATTER
JURISDICTION